*458 The opinion of the Court was delivered by
O’Neall J.
In this case this Court concurs in the instructions given by the Judge below to the jury.
If authority be needed to show that reading over the will to the testator, and his approval of it understandingly, by executing it, supersedes previous verbal instructions, it is only necessary to refer to the case of Rosborough vs. Hemphill, 5 Rich. Eq. 95.
How a mere mistake by a draftsman in a will not amounting to fraud, or not calculated to materially change the testator’s disposition of his estate, can vitiate the will, I confess I have never been able to perceive. This is especially the case, where the mistake is undertaken to be shown against the words of the will, the fact of reading over and an execution, understandingly made. What would that be but to allow parol to control’ the will ? How can a law Court add a clause to the will ? How can they correct the dispositions made by the testator?- On an issue by way of appeal from the Ordinary’s decision, the will must stand or fall. But if a mistake was made, and the legatee having the benefit of it corrects it, for what purpose would the will be assailed ? The will is in all other-respects the will of the testator, and in this respect his will is carried out. It was in this view that I told the jury, if there was a mistake as to Aaron and the other six negroes, the executor and legatee had corrected it, and hence they need not notice it. My notion always has been, that on showing a mistake, especially where it was admitted by the executor and legatee, it would not vitiate the will, but Equity might pro tanto set up a trust, in the executor and legatee, and thus make him correct it. I do not think it worth while to make any further remark on this case.
The facts were for the jury, and they very properly found for the will.
The motion is dismissed.
Withers, Whither, Glover andMuNRO, JJ., concurred.
Wardlaw, J., did not hear the case.

Motion dismissed.